The plaintiff as liquidator of the Price Motors, Inc. instituted this suit to foreclose a chattel mortgage and vendor's lien executed by defendant on Dec. 15, 1941, to secure the balance of the purchase price on a Chevrolet automobile purchased by the defendant from the Price Motors, Inc. The note is for the sum of $651.06, with interest and attorneys' fees, and is made payable in monthly installments of $36.17 each, the first installment being due January 26, 1942.
It is alleged in the petition that the defendant paid two installments, but failed to pay the installment due on March 26, 1942, and subsequent installments; that the entire balance, with interest and attorneys' fees, became due by reason of said default. Plaintiff alleged that the defendant is absent from the State, and at the time of filing the suit, was in the Republic of Panama. The prayer of the petition is for the appointment of a curator ad hoc to represent the defendant and for executory process to issue for the seizure and sale of the mortgaged automobile.
After the service of the usual notice to pay and notice of seizure on the curator and the advertisement of the property for sale, the curator filed a petition setting up the fact that the defendant had joined the military service in January, 1942; that he had paid practically one-half the purchase price of the seized automobile; that his ability to meet the installments was impaired by reason of his being in the military service and his reduced income, and that he was unable to attend the trial; that the seizure and sale of the car would seriously prejudice his rights. He asked for a rule on the plaintiff to show cause why the proceedings should not be stayed in accordance with the Soldiers' and Sailors' Civil Relief Act of 1940, or in the alternative, why the installments should not be reduced so that he could meet them, and again in the alternative, why the plaintiff should not be required to give a bond to protect his rights.
The plaintiff filed an answer to the rule, and after a hearing, the trial judge refused to stay the proceedings or reduce the installments, but did require the plaintiff to give a bond in the sum of $500 to indemnify the defendant for any loss or damage that he might sustain by reason of the entry of the order of seizure and sale. The defendant took a devolutive appeal, and the plaintiff answered the appeal and asked that the judgment be amended to the extent of relieving the plaintiff from the bond, and ordering the cancellation of said bond and discharging the principal and surety from liability thereon.
The sale was made and the automobile was sold by the Sheriff for $450, the plaintiff becoming the purchaser. After the payment of the cost, the sum of $405.55 was credited on the mortgage.
The trial court was correct in refusing to stay the executory proceedings for two reasons: In the first place, under *Page 61 
the terms of Section 302 of the Soldiers' and Sailors' Civil Relief Act, approved October 17, 1940, 50 U.S.C.A. Appendix § 532, it is provided that the provisions of the section relating to the stay of foreclosure proceedings under a mortgage on real or personal property only applies to obligations originating prior to the approval of the act. See Kendall et al. v. Bolster et al., 239 Mass. 152, 131 N.E. 319. The present obligation originated in December, 1941, more than a year subsequent to the approval of the act. And, in the second place, Section 303 of the said Act, 50 U.S.C.A. Appendix § 533, provides that no court shall stay a proceeding for an order of sale of a motor vehicle under a purchase money mortgage, unless the court shall find that 50 per cent or more of the purchase price has been paid. The record shows in this case that the defendant paid much less than 50 per cent of the purchase price of the automobile seized and sold for the balance of the purchase price.
The trial court was also correct in refusing to reduce the installments for at least two reasons: In the first place, as already stated, Section 302 of the said Act does not apply to the mortgage in this case for the reason that the debt was contracted after the approval of the act, and therefore paragraph (b) of subsection (2) of said Section authorizing the court to make such other disposition of the case as may be equitable to conserve the interest of all parties does not apply. And in the second place, there is nothing to show how much the defendant could pay or in what way he would be prejudiced by refusing to reduce the installments.
The trial judge entered an order requiring the plaintiff to give bond under authority of Section 303 of the Act, which prohibits the entry of an order staying a sale under a mortgage given for the purchase price of a motor vehicle where less than 50 per cent of the price has been paid, and provides that in any such proceeding the court may, "before entering an order or judgment, require the plaintiff to file a bond, approved by the court, conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any such judgment or order should the judgment or order be set aside in whole or in part."
It is contended by counsel for plaintiff that, while the court could enter an order for a bond before signing a judgment for the sale of the property, he had no authority to require a bond after he had signed the judgment ordering the sale of the property. We doubt if this point is well taken for the reason that the law evidently contemplates that the judge shall have considerable discretion during the course of the proceeding and before the sale to require plaintiff to give a bond to protect the interest of the defendant.
However, we agree with counsel for plaintiff that no injury or prejudice could result to the defendant by reason of the sale of the automobile. He would have to have the order of seizure and sale set aside for some good reason. If he succeeded in doing so, he would still owe the debt with interest and the mortgage would still subsist on the car. If the car were kept for any considerable length of time it would depreciate in value and thus lower the value of the security and sell for much less than it did sell for, thus adversely affecting the interest of the plaintiff as well as that of the defendant. Assuming that the defendant would make application within ninety days of his discharge from military service to have the order of seizure and sale vacated under paragraph (4) of Section 200 of the Act, 50 U.S.C.A. Appendix § 520 (4), it would be necessary for him to show that he was prejudiced by reason of his military service in making his defense and that he had a meritorious or legal defense to the action. We cannot conceive of any prejudice that the defendant could sustain by reason of the seizure and sale of the automobile burdened with the chattel mortgage, and we think that the bond can serve no useful purpose and should be cancelled.
For the reasons assigned, it is ordered that the judgment appealed from be amended by setting aside and annulling the order requiring the plaintiff to give a bond in the sum of $500 to indemnify the defendant against any loss or damage he may suffer by reason of the entry of the order of seizure and sale, and that the bond given by the plaintiff under said order be and the same is hereby cancelled and the surety thereon is discharged; and in all other respects the judgment is hereby affirmed. *Page 62